**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

EFRE CARDONA,

Plaintiff,

v.

GEORGIANA ANASTASIADIS,

Defendant.

HONORABLE KAREN M. WILLIAMS

Civil Action
No. 25-17649 (KMW-SAK)

**OPINION**

**Appearances:**

**ARONLD C. JOSEPH, ESQ.**
1801 Market Street
Suite 2500
Philadelphia, PA 19103

*Counsel for Plaintiff, Efre Cardona*

**DAN YOSIPOVITCH, ESQ.**
**MICHAEL S. SIMONE, ESQ.**
The Simone Law Firm, P.C.
700 Professional Plaza, 700 Route 130
Suite 201
Cinnaminson, NJ 08077

*Counsel for Defendant, Georgina Anastasiadis*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Plaintiff Efre Cardona ("Plaintiff") brings this action against Defendant Georgina Anastasiadis ("Defendant") whereby Plaintiff brings claims against Defendant for breach of contract, unjust enrichment, and conversion. In response to Plaintiff's claims, Defendant filed counterclaims for breach of contract, unjust enrichment, fraud, conversion, and involuntary dissolution under N.J.S.A. 14A:12-7.

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims 1, 2, & 3. (ECF No. 8). Defendant opposed. (ECF No.16).[1] The Court scheduled oral argument for July 27, 2026, at 11:00 am, and Dan Yosipovitch, Esq. appeared on behalf of Defendant. Plaintiff's counsel failed to appear for oral argument. The Court, having reviewed all papers, finds it unnecessary to reschedule oral argument and decides the motion on the papers. For the reasons articulated below, Plaintiff's Motion to Dismiss Counterclaims 1, 2, & 3 (ECF No. 8) is **GRANTED**.

## II. BACKGROUND

The underlying facts of the case are straight forward. The undisputed facts[2] establish that Plaintiff and Defendant entered into a contract wherein Plaintiff gave Defendant $79,100 as an investment loan in Gena Pizzeria ("Gena"). (Compl. at ¶¶ 7-9.) Defendant also agreed to assist Plaintiff in forming the corporation that would operate as Gena Pizzeria. (*Id.* at ¶ 5). As part of the agreement, Plaintiff and Defendant were to be equal shareholders in Gena. (*Id.* at ¶¶ 7–8.) On June 22, 2022, Plaintiff and Defendant completed the purchase of the business personal property of a pizzeria located in Magnolia, New Jersey, which ultimately became Gena. (*Id.* at ¶ 10.) Thereafter, Plaintiff and Defendant executed a Security Agreement granting Plaintiff a security interest in the purchased property and a Promissory Note obligating Defendant to repay the loan. (*Id.* at ¶ 11.) Plaintiff then filed a UCC Financing Statement concerning the transaction. (*Id.*)

Plaintiff filed a Certificate of Incorporation with the New Jersey Department of the Treasury forming Gena Pizzeria, Inc, which identified Plaintiff and Defendant as the initial Directors of Gena and Plaintiff as its incorporator. (*Id.* at ¶¶ 12-13.) Plaintiff also filed a Business

[1] Plaintiff did not reply to Defendant's opposition.
[2] In her Answer, Defendant admitted the facts in ¶¶ 6-15. (ECF No. 6 at ¶¶ 6-15.)

Registration document, a Sales Tax Certificate of Authority, and a New Jersey Tax Employer Registration reflecting that Plaintiff and Defendant each owned fifty percent of Gena. (*Id.* ¶ at 14.)

Plaintiff alleges that as part of the agreement, in addition to repaying the loan, Defendant agreed to provide him with monthly income and expense statements for Gena as well as monthly payments of at least $4,000, which allegedly represented fifty percent of Gena's profits. (*Id.* at ¶ 16.) Plaintiff further alleges that Gena's By-Laws required the corporation to maintain books, accounting records, and minutes; provide certain annual financial statements to shareholders upon written request; and permit qualifying shareholders to inspect specified corporate records for a proper purpose upon five days' written demand. (*Id.* at ¶ 17.) According to Plaintiff, Defendant has denied him access to Gena's financial information, leaving him unaware of the corporation's expenditures, Defendant's salary, and any amounts paid to others. (*Id.* at ¶ 18.) Plaintiff also alleges that Defendant has failed to pay him any portion of Gena's profits, improperly spent corporate proceeds, converted corporate profits for her own use, instructed accountants that she retained to withhold Gena's financial information from Plaintiff, and that despite numerous requests, Defendant has refused to provide Gena's financial statements. (*Id.* at ¶¶ 19–22.)

In her Counterclaim Complaint,[3] Defendant alleges that Plaintiff breached the agreement by failing to perform his obligations as Gena's director and treasurer, including failing to provide promised services or compensation and otherwise acting inconsistently with the agreement, which caused her damages. (Counterclaim Compl. at ¶¶ 4-5.)

[3] The Court notes that Defendant's Counterclaim Complaint appears in the same filing as, and immediately follows, her Answer and Affirmative Defenses. (ECF No. 6.) Because the Counterclaim Complaint restarts the paragraph numbering used earlier in the filing, references to paragraph numbers may otherwise be ambiguous. Accordingly, the Court refers to pages 7 through 10 of ECF No. 6 as the "Counterclaim Complaint," and all citations to "Counterclaim Compl. at ¶ __" refer to the numbered paragraphs appearing on those pages.

Defendant further alleges that she conferred payments, consideration, or other benefits upon Plaintiff with the reasonable expectation that he would compensate her, return the benefits, or perform as agreed, but that Plaintiff knowingly retained those benefits under circumstances that rendered his retention inequitable. (*Id.* at ¶¶ 10–12.) More specifically, Defendant alleges that Plaintiff withdrew funds from her bank account between June and August 2025, after the promissory note had been satisfied. (*Id.* at ¶ 13.)

Finally, Defendant alleges that Plaintiff knowingly made materially false statements intending to induce her reliance, that she reasonably relied upon those statements, and that she consequently lost funds or property or otherwise suffered damages. (*Id.* at ¶¶ 15–17.) Defendant characterizes Plaintiff's conduct as willful, malicious, and fraudulent.

## III. STANDARD OF REVIEW

### Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The Third Circuit outlined three steps for courts to utilize in determining facial plausibility: (1) outline "the elements a plaintiff must plead to state a claim;" (2) "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth,'" (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## IV. DISCUSSION

### A. Breach of Contract

Under New Jersey law, a plaintiff must plead four elements to establish a breach of contract claim: (1) the existence of a valid contract between the parties; (2) that the plaintiff performed her own contractual obligations; (3) that the defendant breached the contract; and (4) that damages flowed from the breach. *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016).

To plead the existence of a valid contract, the contract at issue must be identified and the complaint must allege the essential terms agreed upon by the parties, the manner in which offer and acceptance occurred, and the consideration to be exchanged. *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735-36 (D.N.J. 2008).

The plaintiff must affirmatively plead that she performed, or tendered performance of, her own obligations under the contract. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). To establish this element the complaint should identify the specific obligations the claimant was

required to perform under the contract and allege that she fulfilled those obligations. *JJD Elec., LLC v. SunPower Corp.*, Sys., 738 F. Supp. 3d 569, 579 (D.N.J. 2024) (dismissing a breach of contract claim in part because the complaint did not adequately identify plaintiff's contractual duty and plausibly allege the fulfillment of such.)

The claimant must plead that the opposing party breached his contractual obligations, identify the specific contractual provision or obligation at issue and allege that the defendant failed to perform it. *See Globe Motor*, 225 N.J. at 484-85. General or conclusory statements that a defendant "breached" the contract, without identifying the particular contractual duty that went unperformed, are insufficient under the plausibility standard. *Frederico*, 507 F.3d 188, 204 (3d Cir. 2007).

Finally, the claimant must plead that she suffered damages caused by the defendant's breach. *See Globe Motor*, 225 N.J. 469, 485-86 (2016). The plaintiff should allege the specific losses it incurred, whether monetary, lost profits, or otherwise, and connect those losses causally to the defendant's failure to perform. *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 22 (D.N.J. 2009). The damages must "flow[] from" the breach, requiring a causal nexus between the defendant's non-performance and the plaintiff's harm. *Id.* Merely alleging that a breach occurred without connecting it to a concrete loss is insufficient. *Id.*

The parties do not dispute that they entered into a valid agreement. Defendant admits that the parties agreed to become equal shareholders in Gena and that they executed several documents memorializing their agreements. She further admits that Plaintiff loaned her $79,100, that the parties used those funds to purchase the pizzeria's business property, and that they executed a Security Agreement and Promissory Note governing the loan. The admitted allegations also establish that Gena was incorporated with Plaintiff and Defendant as its initial directors and equal

owners. While the admitted facts sufficiently establish that multiple enforceable agreements existed between the parties, those facts do not identify the agreement upon which Defendant's breach of contract counterclaim rests, nor do they establish any of the material terms of any of the agreements, let alone those that Defendant alleges were breached.

Defendant's counterclaim supplies no further clarity. It alleges only that the parties entered into a "valid and enforceable agreement," without identifying whether that agreement was the parties' shareholder agreement, the Promissory Note, the Security Agreement, or some other contract. (Counterclaim Compl. at ¶ 2.) The Defendant does not allege the material terms of the allegedly breached agreement, the consideration exchanged, or the parties' respective contractual obligations. (*See id.* at ¶¶3-5.) Although Defendant asserts that she "performed all conditions, covenants, and obligations required of her," or that her performance was excused, she does not identify which agreement she fulfilled, what the agreement required her to do, what acts constituted her performance, or what circumstances excused any unperformed obligation. (*Id.* at ¶ 3.) Without more, that conclusory assertion does not plausibly establish Defendant's performance of her own contractual duties.

Defendant likewise fails to identify any particular contractual obligation that Plaintiff breached. She alleges generally that Plaintiff failed to perform his obligations as Gena's director and treasurer by failing to provide unspecified "services or compensation," failing to comply with unidentified "agreed-upon terms," and otherwise acting inconsistently with the agreement. (*Id.* at ¶ 4.) However, Defendant does not allege what services or compensation Plaintiff promised to provide, what contractual provision imposed those obligations, or what Plaintiff specifically did or failed to do in violation of them. The admitted facts concerning the parties' formation, ownership, and financing of Gena do not supply those missing terms. (Compl. at ¶¶ 6–15.)

Accordingly, the allegation that Plaintiff "breached" the agreement amounts to a legal conclusion unsupported by facts.

Finally, Defendant alleges only that Plaintiff's breach caused her "monetary damages in an amount to be determined at trial." (Counterclaim Compl. at ¶ 5.) She does not identify any particular financial loss, explain how that loss arose from Plaintiff's alleged breach, or otherwise plead a causal connection between a specific breach and concrete damages.

Because the Counterclaim does not identify the agreement at issue and its material terms, Defendant's own obligations and the manner in which she performed them, Plaintiff's corresponding obligations and the conduct constituting his breach, or damages flowing from that breach, Defendant fails to state a plausible claim for breach of contract.

**B. Unjust Enrichment**

Unjust enrichment is a quasi-contract claim rooted in equitable principles. Under New Jersey law, the elements of unjust enrichment are: (1) the defendant received a benefit, and (2) retention of that benefit without payment to the plaintiff would be unjust. *Martin v. DHL Express (USA), Inc.*, 580 F. Supp. 3d 66, 73 (D.N.J. 2022).

To sufficiently plead a claim for unjust enrichment, the New Jersey Supreme Court has held that the plaintiff must allege: 1) the defendant received a benefit; 2) it would be unjust for the defendant to retain that benefit without paying the plaintiff, and 3) the plaintiff either expected remuneration from the defendant at the time she performed, or conferred a benefit on the defendant whose failure to pay enriched the defendant beyond his contractual rights. *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288 (2016). Unjust enrichment may be alleged as an alternative theory of recovery. *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 505 (D.N.J. 2009).

Where a valid and enforceable contract governs the subject matter of a dispute, a plaintiff cannot succeed on a claim of unjust enrichment under New Jersey law. *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) ("recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.") However, where the enforceability of a contract remains genuinely in dispute, New Jersey courts permit a plaintiff to plead unjust enrichment in the alternative to a breach of contract claim, even though the plaintiff cannot ultimately recover on both theories. *Gaviria v. Lincoln Educ. Servs. Corp.*, 547 F. Supp. 3d 450, 462 (D.N.J. 2021). The critical limit, however, is that a plaintiff may plead breach of contract and unjust enrichment claims in the alternative only where an express contract cannot be proven. *Gallo v. PHH Mortg. Corp.*, 916 F. Supp. 2d 537, 553 (D.N.J. 2012). Thus, where a party concedes, or it is otherwise undisputed, that the parties' relationship is governed entirely by a valid and binding contract, an unjust enrichment claim fails as a matter of law and cannot be maintained even at the pleading stage. *Campbell v. Heartland Payment Sys., Inc.*, 2016 WL 11737843 at *3 (D.N.J. Sept. 26, 2016).

Here, Defendant's unjust-enrichment counterclaim fails for two independent reasons. First, the admitted allegations establish that multiple valid contractual agreements govern the parties' relationship and the benefits exchanged between them. Second, Defendant has not plausibly alleged the substantive elements of unjust enrichment.

It is undisputed that the parties entered into several agreements concerning the formation, financing, ownership, and operation of Gena. The parties agreed that Plaintiff would provide Defendant with a $79,100 investment loan and that they would become equal shareholders in the corporation formed to operate Gena. After using the loan proceeds to purchase the pizzeria's business property, the parties executed a Security Agreement granting Plaintiff a security interest

in that property and a Promissory Note requiring Defendant to repay the loan. The parties also legally formed Gena Pizzeria, Inc., with Plaintiff and Defendant identified as its initial directors and equal owners. These admitted allegations establish that the parties' respective contributions, rights, and obligations concerning the financing and formation of Gena were governed by multiple contractual arrangements.

Defendant does not challenge the existence, validity, or enforceability of any of those agreements. Nor does Defendant identify any benefit she conferred upon Plaintiff that fell outside the scope of the parties' contractual relationship. Her allegation that Plaintiff received unspecified "benefits, payments, consideration, or other valuable items" does not identify the agreement under which those benefits were conferred, much less plausibly allege that Plaintiff's receipt or retention of such exceeded his rights under the governing agreements. Because Defendant has not called the enforceability of the parties' agreements into question or alleged that Plaintiff was enriched through conduct beyond the scope of those agreements, she cannot maintain unjust enrichment as an alternative theory.

Independently, Defendant has not pleaded facts supporting the elements of unjust enrichment. Defendant alleges, in conclusory terms, that Plaintiff received and retained unspecified "benefits, payments, consideration, or other valuable items" from her. She does not identify the particular benefit she conferred, when or why she conferred it, or the circumstances under which Plaintiff received it. Likewise, although Defendant asserts that she expected Plaintiff to compensate her, return the benefits, or "perform as agreed," she does not identify the remuneration she expected or explain why she reasonably anticipated receiving it.

Defendant also fails to allege facts showing that Plaintiff's retention of any benefit would be unjust under the circumstances. Her assertion that Plaintiff retained the unidentified benefits

under circumstances rendering his retention "unjust and inequitable" merely restates the governing element. Although Defendant alleges that Plaintiff withdrew funds from her bank account after the Promissory Note was satisfied, she does not allege that she conferred those funds upon Plaintiff with an expectation of remuneration. Nor does she explain how the withdrawals constituted Plaintiff's retention of a benefit beyond his rights under the parties' agreements. An allegation that Plaintiff took funds without authorization does not, without more, establish that Defendant conferred a benefit upon him within the meaning of unjust-enrichment.

Defendant neither identifies a genuine dispute regarding the enforceability or scope of the contracts governing the parties' relationship nor pleads facts showing that she conferred a specific benefit upon Plaintiff with an expectation of remuneration and that his retention of that benefit would be unjust. Therefore Defendant has failed to state a plausible claim for unjust enrichment, even as an alternative theory of recovery.

### C. Fraud

A party that brings a New Jersey common-law fraud claim in federal court must satisfy both New Jersey's substantive fraud elements and Fed. R. Civ. P. 9(b)'s heightened pleading requirements for pleading fraud. Under New Jersey law, "[t]he five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Under Rule 9(b), the party bringing a fraud claim must "plead or allege the date time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Pricaspian Dev. Corp. v. Martucci*, 759 F. App'x 131, 135 (3d Cir. 2019). Put simply, a claimant "must support its fraud allegations by demonstrating

the 'who, what, when, where and how of the events at issue.'" *Achieve 24 Fitness Ltd. Liab. Co. v. Alloy Pers. Training Sols., LLC*, 2023 WL 2264129, at *9 (D.N.J. Feb. 28, 2023) (quoting *Frederico*, 507 F.3d at 200.)).

This means that in federal court to establish a claim for fraud, the claimant must identify: (1) the specific false statement or omission, described with particularity; (2) the identity of the person who made the statement; (3) the time and place the statement was made; (4) why the statement was false when made; (5) a general allegation that the defendant knew of the falsity and intended the plaintiff to rely on it; (6) specific facts showing the plaintiff actually and reasonably relied on the statement; and (7) the damages suffered as a direct result. *Achieve 24 Fitness LLC v. Alloy Pers. Training Sols., LLC*, No. CV 21-12085, 2023 WL 2264129, at *7 (D.N.J. Feb. 28, 2023). Generic or conclusory allegations, such as broad references to "false representations" without identifying the speaker, time, or content, will not survive a motion to dismiss. *Frederico*, 507 F.3d at 200–201.

Defendant's fraud counterclaim fails to satisfy either New Jersey's substantive requirements for common-law fraud or Rule 9(b)'s heightened pleading standard. Even when the counterclaim is considered together with Defendant's admissions to paragraphs 6 through 15 of the Complaint, Defendant has not identified any fraudulent statement or pleaded facts connecting such a statement to her reasonable reliance on the statement nor the resulting damages.

In the Counterclaim Complaint, Defendant alleges only that Plaintiff "knowingly made false statements of material fact" with the intent to induce her reliance. (Counterclaim Compl. at 15.) She does not identify what Plaintiff said, the subject of the alleged statement, when or where it was made, or the manner in which it was communicated. Additionally, Defendant does not explain why the unidentified statement was false when made. Her generic reference to "false

statements" fails to identify the "who, what, when, where and how" of the alleged fraud or otherwise inject the precision and substantiation required by Rule 9(b).

As to the allegations concerning Defendant's reliance, Defendant asserts only that she "reasonably relied on these misrepresentations." (Counterclaim Compl. at ¶ 16.) She does not plead any facts that indicate her reliance was reasonable nor does she identify what action she took or refrained from taking because of Plaintiff's alleged false statement. Because Defendant has not identified the alleged misrepresentation or explained how it affected her conduct, her conclusory invocation of reasonable reliance does not plausibly plead the fourth element of common-law fraud.

Finally, Defendant does not plead identifiable damages flowing from her reliance upon a false statement. She alleges generally that she suffered "the loss of funds, property, or other detriment" as a direct result of her reliance. (*Id.* at ¶ 17.) She does not identify the funds or property lost, quantify or otherwise describe the loss, or explain how her reliance on a particular misrepresentation caused that loss specifically.

Defendant's additional allegation that Plaintiff withdrew funds from her bank account after the Promissory Note had been satisfied identifies potentially wrongful conduct, but it does not cure these deficiencies. (*Id.* at ¶ 18.) Defendant does not allege that Plaintiff made a false statement concerning those withdrawals, that she relied upon such a statement, or that the withdrawals occurred because of her reliance. The alleged withdrawal of funds, standing alone, is conduct, not a fraudulent representation.

Accordingly, Defendant has not identified a material misrepresentation, much less alleged when and where it was made or why it was false. She likewise has not pleaded facts plausibly showing that Plaintiff knew of the statement's falsity and intended her to rely upon it, that she

actually and reasonably relied upon it, or that identifiable damages flowed from that reliance. Therefore, Defendant fails to state a claim for common-law fraud.

## V. CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Dismiss Counterclaims 1, 2, & 3 (ECF No. 8) is **GRANTED.** An order reflecting the same accompanies this Opinion.

Dated: July 30th, 2026

KAREN M. WILLIAMS
United States District Judge